FILED
FEB 21 2014
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

AO 245B (CASD) (Rev. 1/12) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
v.
Hector Manuel Carreon -1

**AMENDED JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 12-cr-03419-JAH-1

Robert Llewellyn Swain
Defendant's Attorney

**REGISTRATION NO.** 36132298

☒ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P.36)(forfeiture)

THE DEFENDANT:

☐ pleaded guilty to count(s) ______

☒ was found guilty on count(s) 1,2,3,5,6,7 of the indictment.
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18:2251(a) & (e); 18:2253 | Sexual Exploitation of a Child | 1 |
| 18:2251(a) & (e); 18:2253 | Attempted Sexual Exploitation of a Child | 2 |
| 18:2252(a); 18:2253(a) | Receipt of Images of Minors Engaged in Sexually Explicit Conduct | 3 |
| 18:2252(a)(4)(B); 18:2253 | Possession of Matters Containing Images of Minors Engaged in Sexually Explicit Conduct | 5,6,7 |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ The defendant has been found not guilty on count(s) Four

☐ Count(s) ______ is ☐ are ☐ dismissed on the motion of the United States.

☒ Assessment: $100.00 as to each count.

☒ No fine ☒ Forfeiture pursuant to order filed 12/9/13, included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

February 10, 2014
Date of Imposition of Sentence

HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

DEFENDANT: Hector Manuel Carreon -1
CASE NUMBER: **12-cr-03419-JAH-1**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of

Ct 1: three hundred, sixty months,
Ct 2: one hundred, eighty months, consecutive to count 1
Ct 3: sixty months, consecutive to count 2,
Ct 5,6,7: sixty months, concurrent to count 2.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at ______________ ☐ a.m. ☐ p.m. on ______________________ .

as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before ______________________________

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on ______________________ to ______________________

at ______________________ , with a certified copy of this judgment.

______________________________
UNITED STATES MARSHAL

By ______________________________
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Hector Manuel Carreon -1
CASE NUMBER: **12-cr-03419-JAH-1**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
Life, concurrent as to all counts.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Hector Manuel Carreon
CASE NUMBER: 12-cr-03419-JAH-1

## SPECIAL CONDITIONS OF SUPERVISION

1. Submit to a search of your person property residence abode or vehicle conducted by the probation officer or any law enforcement officer at any time of the day or night, with or without a warrant and with or without reasonable suspicion or probable cause. This is a fourth amendment waiver. Your failure to submit to such a search may be grounds for violation of your supervised release, and you shall advise others with whom you live that you're subject to such a search pursuant to this condition.

2. Not to use, possess devices that can communicate data via modem or dedicated connection and you are not to have access to the Internet without prior approval from the court or the probation officer. You shall consent to the installation of systems that will enable the probation officer to monitor computer use on any computer owned or controlled by you and you shall pay the cost of the installation of that software.

3. Not possess any materials such as videos, magazines, photographs, computer images or other matter that depicts "sexually explicit conduct" involving children, as defined by 18 U.S.C. § 2256(2); and not patronize any place where such materials or entertainment are available.

4. Not associate with, or have any contact with any sex offenders unless in an approved treatment and/or counseling setting.

5. Not have unsupervised contact with any child under the age of 18, unless in the presence of a supervising adult (who is aware of the defendant's sexual behavior and conviction), and with the prior approval of the probation officer.

6. Not loiter within 200 yards of a school, schoolyard, playground, park, amusement center/park, public swimming pool, arcade, daycare center, carnival, recreation venue, library and other places frequented by persons under the age of 18, without prior approval of the probation officer.

7. Not accept or commence employment or volunteer activity without prior approval of the probation officer, and employment should be subject to continuous review and assessment by the probation officer.

8. You are to reside in a residence approved in advance by the probation officer. You may not make any changes in your residence without the prior approval of the probation officer.

9. Complete a sex offender evaluation, which may include periodic psychological, physiological testing, and completion of the ABEL assessment, at the direction of the court or probation officer; and that the offender participate and successfully complete an approved state-certified sex offender treatment program, including compliance with treatment requirements of the program. The offender will allow reciprocal release of information between the probation officer and the treatment provider. The offender may also be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

10. Not have any contact, direct or indirect, either telephonically, visually, verbally or through written material, or through any third-party communication, with the victims or victim's family, without prior approval of the probation officer.

FILED
DEC - 9 2013
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>HECTOR MANUEL CARREON,<br>Defendant. | Case No. 12cr3419-JAH<br><br>AMENDED ORDER OF CRIMINAL FORFEITURE |

On September 9, 2013, this Court entered its Preliminary Order of Criminal Forfeiture, which condemned and forfeited to the United States all right, title and interest of HECTOR MANUEL CARREON ("Defendant") in the properties listed in the Forfeiture Allegation of the Indictment, namely,

a. One (1) Western Digital 1 TB SATA hard drive, serial number WCAU47197729;

b. One (1) Western Digital 250 GB SATA hard drive, serial number WCANK3724948;

c. One (1) Western Digital 1 TB hard drive, serial number WCAU47921414;

d. One (1) Sony camera DSC-TRV520, serial number 1051265;

e. One (1) SanDisk Extreme card, 16 GB, serial number BL1127016231G; and

f. Visual depictions depicting or attempting to depict minors engaged in sexually explicit conduct as defined by 18 U.S.C. § 2256.

For thirty (30) consecutive days ending on October 10, 2013, the United States published on the Government's forfeiture website, www.forfeiture.gov, notice of the Court's Order and the United States' intent to dispose of the properties in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n) and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and further notifying all third parties of their right to petition the Court within thirty (30) days of the final publication for a hearing to adjudicate the validity of their alleged legal interest in the properties.

There were no potential third parties known to the United States to have alleged an interest in the forfeited properties; therefore, no one was provided with direct notice of the forfeiture.

Thirty (30) days have passed following the final date of notice by publication, and no third party has made a claim to or declared any interest in the forfeited properties described above.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that, as a result of the failure of any third party to come forward or file a petition for relief from

forfeiture as provided by law, all right, title and interest of HECTOR MANUEL CARREON and any and all third parties in the following properties are hereby condemned, forfeited and vested in the United States of America:

a. One (1) Western Digital 1 TB SATA hard drive, serial number WCAU47197729;

b. One (1) Western Digital 250 GB SATA hard drive, serial number WCANK3724948;

c. One (1) Western Digital 1 TB hard drive, serial number WCAU47921414;

d. One (1) Sony camera DSC-TRV520, serial number 1051265;

e. One (1) SanDisk Extreme card, 16 GB, serial number BL1127016231G; and

f. Visual depictions depicting or attempting to depict minors engaged in sexually explicit conduct as defined by 18 U.S.C. § 2256.

IT IS FURTHER ORDERED that costs incurred by Homeland Security Investigations ("HSI") and any other governmental agencies which were incident to the seizure, custody and storage of the properties be the first charge against the forfeited properties.

IT IS FURTHER ORDERED that HSI shall dispose of the forfeited properties according to law.

DATED: 12-5-13

[signature]

HONORABLE JOHN A. HOUSTON
United States District Court